UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 11-80155-CR-MARRA/HOPKINS(s)(s)

UNITED STATES OF AMERICA

          Plaintiff,

v.

TIMOTHY SIGMAN,

          Defendant.
_____/



## REPORT AND RECOMMENDATION ON DEFENDANT TIMOTHY SIGMAN'S MOTIONS TO SEVER (DEs 844, 852)

**THIS CAUSE** comes before the Court upon an order of referral (DE 494). The Court has before it Defendant's motions to sever (DEs 844, 852). The Government responded (DE 903).

The Defendant contends that, unlike his co-defendants, he is not charged with any distribution of oxycodone and thus is subject to prejudicial spillover.

The Defendant is charged in two conspiracies to distribute controlled substances, anabolic steroids and human growth hormone, with the other 2 remaining defendants, Peter Del Toro and Jaclyn Rubino. The Defendant is charged with Del Toro in every substantive count pending against him. DE 507). Sigman owned and operated Health Transformations, which paid disbursement checks to Pharmville Consulting, a corporation of which Peter Del Toro was president. (DE 507). Health Transformations bought controlled substances from TCSP, owned by Peter Del Toro. Jaclyn Rubino was a TCSP employee.

"Joint trials play a vital role in the criminal justice system and serve important interests: they reduce the risk of inconsistent verdicts and the unfairness inherent in serial trials, lighten the burden on victims and witnesses, increase efficiency, and conserve scarce judicial resources." *United States v. Lopez*, 649 F.3d 1222, 1233 (11th Cir.2011). The rule in conspiracy cases is that "defendants charged with a common conspiracy should be tried together." *Id.* at 1234.

In *Lopez*, where co-defendants were also charged with murders and gruesome photos of the victims were admitted, prejudicial spillover was cured by the district court's repeated instructions to the jury to consider evidence against only those defendants that the evidence implicated and to assess the guilt or innocence of each defendant separately. *Id.* at 1238-1239.

Since the defendants are charged in common conspiracies and the evidence is significantly overlapping, it is appropriate to try them together. *Id.*

For the forgoing reasons this Court RECOMMENDS that the Defendant's motions to sever (DEs 844, 852) be DENIED.

**NOTICE OF RIGHT TO OBJECT**

Pursuant to Local Magistrate Rule 4(b), the parties shall serve and file written objections, if any, to this Report and Recommendation with the Honorable United States District Judge Kenneth A. Marra within three *(3) business days* (until October 28, 2013) after being served with a copy.  The Court is expediting any objections to this Report and Recommendation based upon the imminent trial date and pursuant to S.D. Fla. Local Mag. J. R. 4(a).  Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the report and bar the parties from attacking on appeal the factual findings contained herein.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(2); *R.T.C. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *LoConte v. Dugger*, 847 F.2d 745 (11th Cir. 1988); *Nettles v. Wainright*, 677 F.2d 404, 410 (5th Cir. Unit B 1982) (*en banc*).

**DONE** and **SUBMITTED** in Chambers at West Palm Beach in the Southern District of Florida, this 23 day of October, 2013.

*James M. Hopkins*

_____
JAMES M. HOPKINS
UNITED STATES MAGISTRATE JUDGE

Copies to:
Hon. Kenneth A. Marra
Counsel of record