UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 11-80155-CR-MARRA/HOPKINS(ss)

UNITED STATES OF AMERICA

                Plaintiff,

v.

TIMOTHY SIGMAN,

                Defendant.
_____/

FILED by _____ D.C.
OCT 23 2013
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## REPORT AND RECOMMENDATION ON DEFENDANT TIMOTHY SIGMAN'S MOTION TO DISMISS THE INDICTMENT (DE 1005)

**THIS CAUSE** comes before the Court upon an order of referral (DE 494). The Court has before it the motion (DE 1005), the Government response (DE 1038), and the reply (DE 1050). In his motion to dismiss (D.E. 1005), defendant Timothy Sigman accuses the government of improperly instructing the grand jury on the law concerning 21 U.S.C. § 829(e).

On June 7, 2012, a grand jury returned a Second Superseding Indictment (D.E. 507) against defendant based on his illegal distribution of anabolic steroids and hGH.

The Defendant is not charged in the Second Superseding Indictment with violations of 21 U.S.C. § 829(e). That section is referenced in the Second Superseding Indictment section A describing provisions of the Controlled Substances Act. Paragraph 8 of that section states that "[i]n most instances, a practitioner was not issuing a prescription for a legitimate medical purpose in the usual course of professional practice until after the physician conducted at least one in-person medical evaluation. The term 'in-person medical evaluation' meant a medical evaluation that is conducted with the patient in the physical presence of the practitioner. 21

U.S.C. § 829." See DE 507. That definition of "in-person medical evaluation" is copied from 21 U.S.C. § 829(e)(B)(i).

Judicial review of grand jury matters is narrowly circumscribed by the Supreme Court because the proceedings are cloaked in a presumption of regularity. *See United States v. R Enterprises, Inc.*, 498 U.S. 292, 301 (1991). As a result, dismissal of an indictment is an "extreme sanction" that should be infrequently utilized. *United States v. Pabian*, 704 F.2d 1533, 1536 (11th Cir. 1983). On those infrequent occasions, federal courts may dismiss an indictment in two circumstances: (1) where the indictment was obtained in violation of the Constitution or laws of the United States; or (2) where the court, exercising its supervisory power over the administration of justice, finds an "abuse of the grand jury process such as perjury or government misconduct." *United States v. DiBernardo*, 775 F.2d 1470, 1475 (11th Cir. 1985); *see United States v. Hyder*, 732 F.2d 841, 845 (11th Cir. 1984).

However, the Supreme Court and the Eleventh Circuit have consistently limited challenges to indictments that require the courts to exercise supervisory power, rejecting challenges based on failure to present exculpatory evidence to the grand jury, presenting hearsay to the grand jury, and unintentionally presenting false testimony to the grand jury. *See, e.g., United States v. Williams*, 504 U.S. 36, 51-55 (1992); *see also United States v. Waldon*, 363 F.3d 1103, 1109 (11th Cir. 2004). The government is also not required "to anticipate and present all of a defendant's affirmative defenses to the grand jury." *United States v. Gardner*, 860 F.2d 1391, 1395 (7th Cir. 1988). Further, courts should not place themselves in a position to "prescribe[] those standards of prosecutorial conduct in the first instance . . . because the grand jury is an institution separate from the courts." *Williams*, 504 U.S. at 46-47.

Defendant has shown no instances where the Government has misstated the law. In addition, there is no obligation on the part of the Government to instruct the grand jury on any of the Defendant's possible defenses. *Williams* at 51-55.

Defendant also seeks dismissal based on allegedly misleading statements made before the grand jury amounting to prosecutorial misconduct. "To make out a claim of prosecutorial misconduct regarding the use of false testimony, a defendant must establish that the prosecutor 'knowingly used perjured testimony, or failed to correct what he subsequently learned was false testimony, and that the falsehood was material.'" *United States v. Akel*, 337 Fed. App'x 843, 858-59 (11th Cir. 2009) (*citing United States v. Woodruff*, 296 F.3d 1041, 1043 n. 1 (11th Cir.2002).

Defendant asserts that the agent falsely testified that Defendant's business had a website and solicited its patients through the internet. However the agent did not say that specifically Defendant's business operated that way, the prosecutor did not knowingly elicit false testimony, and in any event it was not material.

Defendant also asserts that references to dates on the files being made on June 28, 2011 (the date co-defendants' businesses were being searched), in support of a conclusion that they were being inserted as a cover-up, were misleading. Defendant has not shown that they were misleading and amounted to knowingly eliciting perjured testimony.

Accordingly, Defendant's motion to dismiss the second superseding indictment (DE 1005) should be denied.

**NOTICE OF RIGHT TO OBJECT**

Pursuant to Local Magistrate Rule 4(b), the parties shall serve and file written objections, if any, to this Report and Recommendation with the Honorable United States

District Judge Kenneth A. Marra within three *(3) business days* (until October 28, 2013) after being served with a copy. The Court is expediting any objections to this Report and Recommendation based upon the imminent trial date and pursuant to S.D. Fla. Local Mag. J. R. 4(a). Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the report and bar the parties from attacking on appeal the factual findings contained herein. *See* 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(2); *R.T.C. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *LoConte v. Dugger*, 847 F.2d 745 (11th Cir. 1988); *Nettles v. Wainright*, 677 F.2d 404, 410 (5th Cir. Unit B 1982) (*en banc*).

**DONE** and **SUBMITTED** in Chambers at West Palm Beach in the Southern District of Florida, this 23 day of October, 2013.

*/s/ James M. Hopkins*
_____
JAMES M. HOPKINS
UNITED STATES MAGISTRATE JUDGE

Copies to:
Hon. Kenneth A. Marra
Counsel of record